The State *v.* Montgomery.

THE STAT *v.* BARNEY MONTGOMERY.

CRIMINAL LAW. *Assault with intent to commit felony, etc.* The offense of malicious shooting is a statutory offense, punishable by imprisonment in the penitentiary; and an assault to commit that offense falls directly within the provisions of the statute (Code, 4630) making an assault to commit felonies of itself a felony, and prescribing the punishment where not already prescribed by statute. And, in indictments charging assaults, or attempts to commit offenses in themselves indictable, the same particularity is not necessary as is required in indictments for the offense itself.

Case cited: John Jones *v.* The State, 3 Heis., 445.
Code cited: Sec. 4630.

FROM MADISON.

Appeal from the Circuit Court. G. B. BLACK, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

MUSE & BUFORD for defendant.

SNEED, J., delivered the opinion of the court.

The defendants were indicted in two counts, the one for an assault with intent to commit murder in the first degree, and the other for an assault with intent to commit the offense of malicious shooting. There was a *nolle prosequi* as to the first count, and on motion of defendants the court quashed the second count. The State appealed in error.

The count thus quashed must stand or fall upon the construction of the statute making an assault to commit felonies of itself a felony, and prescribing the punishment where it is not already prescribed by statute. The statute was enacted in 1849, ch. 109, sec. 1, and is carried into the Code by sec. 4630, Th. & Steg. Rev. Stat.

It is in the words following: "If any person assault another with intent to commit or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, when the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury. In the case of *John Jones* v. *The State,* tried before this court at the December term, 1871, Nashville, this statute was construed, upon much consideration, in a case where the prisoner was accused of an attempt to commit larceny. It was held in that case that the

11—VOL. 7.

statute had no application in such a case, but was intended to include only assaults upon the person. That case is upon its reasoning, we think, conclusive as to the case now before us. The offense of malicious shooting is a statutory offense punishable by imprisonment in the penitentiary, and an assault with intent to commit that offense falls as it seems to us directly within the purview of the statute. It was an offense at common law to attempt to commit a crime, and statutes have been passed in several of the States to regulate the punishment thereof, as in this State. Thus it is said in a "class of cases" also quite numerous in this country, viz: assaults, or attempts to commit offenses in themselves indictable, the same particularity is not necessary as is required in indictments for the commission of the offense itself. Wharton, sec. 292. And it is held that in an indictment under a New York statute for this offense, the particular manner in which the attempt was made is immaterial, and need not be alleged, so that the indictment on its face shows facts which would make "an attempt" in point of law, and so identifies the offense as to secure the offender from a second offense. *People* v. *Bush,* 4 Hill N. Y. Rep., 132; Whart. Am. Cr. Law, sec. 2968.

We hold that one of the offenses referred to in the statute is sufficiently charged in the second count of this indictment.

Reverse the judgment.